

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

January 21, 1950

Hon. Parker Ellzey
County Attorney
Jim Wells County
Alice, Texas

Opinion No. V-984.

Re: The present maximum
compensation of pre-
cinct officers in Jim
Wells County under
the submitted facts.

Dear Sir:

Your request for an opinion is in part as fol-
lows:

"I would like your opinion on the ques-
tion of what is the maximum allowable salary
for precinct officers of Jim Wells County."

Jim Wells County had a population of 20,239
inhabitants according to the last preceding Federal Cen-
sus. Subsequent to your request you advised us that the
precinct officers were compensated on a "fee basis" in
1948. According to the facts submitted, the precinct
officers will be compensated on a salary basis in 1950.
Therefore, the salaries of the precinct officers in Jim
Wells County will be governed by Section 3 of Article
3912g, V.C.S. (S.B.92, Acts 51st Leg., 1949, ch.320, p.
601), which provides:

"All of such officers who were paid on a
fee basis during the fiscal year of 1948, and
who are now to be paid on a salary basis, shall
be paid an annual salary in twelve (12) equal
installments of not less than the total sum
earned as compensation by him in his official
capacity for the fiscal year of 1935, and not
more than the maximum sum allowed such officer
under the laws existing on August 24, 1948,
together with the twenty-five (25%) per cent
increase allowed by this Act within the dis-
cretion of the Commissioners Court."

The maximum sum allowed precinct officers un-
der laws existing on August 24, 1948, was governed by
the provisions of Articles 3883 and 3891, V.C.S. We
quote those provisions of these articles which were

applicable to Jim Wells County in 1948:

Art. 3883:

"Except as otherwise provided in this
Act, the annual fees that may be retained by
precinct, county and district officers men-
tioned in this Article shall be as follows:

"1. In counties containing twenty five
(25,000) thousand or less inhabitants: Coun-
ty Judge, District or Criminal District At-
torney, Sheriff, County Clerk, County Attor-
ney, District Clerk, Tax Collector, Tax As-
sessor, or the Assessor and Collector of
Taxes, Twenty-four Hundred ($2400.00) Dol-
lars each; Justice of the Peace and Consta-
ble, Twelve Hundred ($1200.00) Dollars each.
(Emphasis added)

Art. 3891:

"Each officer named in this Chapter
shall first out of the current fees of his
office pay or be paid the amount allowed him
under the provisions of Article 3883, togeth-
er with the salaries of his assistants and
deputies, and authorized expenses under Art-
icle 3899, and the amount necessary to cover
costs of premium on whatever surety bond may
be required by law. If the current fees of
such office collected in any year be more
than the amount needed to pay the amounts
above specified, same shall be deemed excess
fees, and shall be disposed of in the manner
hereinafter provided.

"In counties containing twenty-five thou-
sand (25,000) or less inhabitants, District and
County officers named herein shall retain one-
third of such excess fees until such one-third,
together with the amounts specified in Article
3883, amounts to Three Thousand Dollars ($3,-
000). Precinct officers shall retain one-third
until such one-third, together with the amount
specified in Article 3883, amounts to Fourteen
Hundred Dollars ($1400).

" . . .

"(a) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars." (Emphasis added)

The maximum compensation of a precinct officer in Jim Wells County in 1944 was $1400.00. Arts.3883 and 3891. Subdivision (a) of Article 3891, above quoted, which was effective in 1945, allowed an increase not to exceed twenty-five per cent of the sum allowed under the law for the fiscal year of 1944. Therefore, the maximum compensation of a precinct officer in Jim Wells County in 1948 was $1400.00 plus twenty-five per cent, or $1750.-00 ($1400 plus $350).

Since the maximum compensation of a precinct officer in Jim Wells County was $1750.00 in 1948, the maximum salary now allowed a precinct officer in that county is $1750.00 plus twenty-five per cent, or $2187.-50 ($1750 plus $437.50). Art.3912g, Sec. 3, V.C.S.

### SUMMARY

The maximum compensation of a precinct officer in counties of less than 25,000 inhabitants according to the last preceding Federal Census, who was compensated on a "fee basis" in 1948 and is now compensated on a "salary basis", is $2187.50. Arts. 3883, 3891, and 3912g, V.C.S.

APPROVED:

Yours very truly,

J. C. Davis, Jr.
County Affairs Division

PRICE DANIEL
Attorney General

Charles D. Mathews
Executive Assistant

JR:bh:mw

By John Reeves
John Reeves
Assistant